IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| AMY SUSAN HAMLETT, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 01-JEO-0284-J |
| MARION COUNTY, ALABAMA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the court is "Marion County's Motion to Dismiss" the complaint (doc. 3), the plaintiff's objection to the magistrate judge's report and recommendation that the motion be granted (doc. 19), and the plaintiff's motion for leave of court to file the untimely objection (doc. 18).

The plaintiff alleges that the remaining defendant in this case, Marion County, Alabama, is responsible for the actions of its agents and employees in improperly recognizing that an outstanding charge was satisfied by the plaintiff's payment of the fine and court costs. As a consequence of this failure, she was later arrested by "municipal police officers" and improperly held in the Marion County Jail. (Doc. 1, ¶¶ 4, 6). The defendant filed a motion to dismiss this action, arguing that it is not liable on a respondeat superior basis for the actions of the Circuit Court Clerk or the County Sheriff's Office. (Doc. 3, ¶¶ 1-3). In support of this claim, it asserts that "none of the actors or entities described in the Complaint as tortfeasors can act to create liability for Marion County, Alabama." (Doc. 9, p. 1). On March 1, 2001, the plaintiff filed a brief in opposition to Marion County's Motion to Dismiss arguing that "counties, as bodies

corporate are amenable to suit in tort under Code of Alabama (1975), Sec. 11-1-2." (Doc. 11, p. 2). On March 15, 2001, the defendant filed its reply to the plaintiff's brief, arguing that the plaintiff failed to reach the threshold for stating a claim. (Doc. 14, ¶ 1). Specifically, it asserts that because Marion County can only be liable through the acts and omissions of its employees or agents and because the individual defendants in this action are state employees and not county employees, it is not liable as a matter of law. (*Id*. at ¶¶ 1-4).

On June 26, 2001, the magistrate judge assigned this matter entered a report and recommendation finding that the motion was due to be granted because the County could not be held vicariously liable for the actions of state employees. (Doc. 17). On July 5, 2001, the Clerk of this Court faxed another copy of the magistrate judges's report and recommendation to plaintiff's counsel because the original transmission was incomplete.

On July 20, 2001, the plaintiff submitted her objection to the report and recommendation to the Clerk of the Court, along with a motion to file the same out of the allotted period for objections. She states:

> Plaintiff objects to the Magistrate Judge's Report and Recommendation to the extent it suggests the County is immune from liability in the instant case simply because it has been held "[t]he circuit clerk and the register are state, rather than county officials..." (Magistrate R&R, pp. 3-4). The Circuit Court Clerk is no longer a party in this litigation. Plaintiff's claim against Marion County is based upon the negligence and carelessness of the **county agents and employees** who are yet to be identified, although responses to discovery and disclosures are pending, and who or which failed to properly perform the ministerial and administrative function of recalling the warrant in the instant case. Marion County's motion to dismiss fails to address how the negligence and carelessness of county clerical personnel in failing to perform the administrative and ministerial function at issue invokes issues of state agent or discretionary function immunity. *See, e.g., City of Bayou La Batre v. Robinson*, 2000 WL 1801279 (Ala.).

2

> The Report and Recommendation focuses primarily upon the status of Alabama law as it relates to the County's liability under § 1983 regarding policy and conduct of the Sheriff's department in the operation and maintenance of inmates in the county jail. It concludes, appropriately, that under current Alabama law the Sheriff acts exclusively for the state rather than for the county and, therefore, the County has no liability as to the purported actions of the Sheriff's department regarding Mrs. Hamlet's wrongful incarceration or detention. However, the Report and Recommendation offers little attention to the County's responsibility in this case relative to the primary cause of the plaintiff's wrongful incarceration in the first instance, i.e., respondent superior liability for those unnamed county employees who or which negligently failed to perform the ministerial function of recalling the warrant once the underlying charges had been satisfied.
>
> The plaintiff submits the neglect and carelessness of the county clerical personnel in failing to properly perform this basic ministerial function may form the basis of County liability to the plaintiff in the instant case and she has sufficiently stated a cause of action such that Marion County's motion to dismiss should be denied.

(Doc. 19, pp. 1-2).

The plaintiff's objection is untimely. Even allowing the plaintiff's counsel the benefit of not being available[1] for the first ten days after the report and recommendation was entered, it is still untimely. The Clerk of the Court faxed the missing page on July 5, 2001. Accordingly, any objections were due to be filed by July 19, 2001. The present objection was filed one day late on July 20, 2001. Although untimely, the court will consider the same. The motion for leave to file the objection out-of-time therefore will be granted.

The plaintiff's objection is not well founded because the employees of the circuit clerk's office, like the employees of the county sheriff, are deemed to be state employees. Alabama Code § 12-17-80 specifically states that circuit clerks and registers of the circuit court are paid by

---

[1] Counsel asserts in his motion that "he was out of town." (Doc. 18, ¶ 1).

3

the state and not the county. ALA. CODE § 12-17-80. In *Green v. Austin*, 425 So. 2d 411, 414 (Ala. 1992), the Alabama Supreme Court stated that "[t]he circuit clerk and the register are state, rather than county officials. Similarly, Alabama Code § 12-17-162 provides that clerical employees serving the district court are deemed a component of the office of the circuit clerk. ALA. CODE § 12-17-162.

The plaintiff's citation to *City of Bayou La Batre v. Robinson*, ___ So. 2d ___, 2000 WL 1801279 (Ala. 2000), is not persuasive. That case is factually and legally distinguishable. Unlike the present matter, it involves application of municipal immunity under Alabama Code § 11-47-190 and judicial function immunity. This case involves the question of whether Marion County may be liable for the actions of employees of the circuit clerk that are state employees. The court finds that under the circumstances herein, it cannot be liable. Accordingly, the motion to dismiss defendant Marion County is due to be granted and this matter be dismissed with prejudice. An appropriate order will be entered.

**DONE**, this the 30th day of July, 2001.

/s/ William M. Acker
**WILLIAM M. ACKER, JR.**
United States District Judge

4